UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



*****************************************************************

| | | |
|---|---|---|
| JON Q. WRIGHT D/B/A JQ LICENSING, INC. | * * * | CIV 13-1014 |
| Plaintiff, | * * | |
| -vs- | * * | ORDER |
| DENNIS FOSTER D/B/A EYE TIME PROMOTIONS, ABC CORPORATIONS 1-10, and JOHN DOES 1 - 10, | * * * * | |
| Defendants. | * * | |

*****************************************************************

Plaintiff filed an amended complaint naming additional parties defendant. The Court notified defendant by memorandum that the amended complaint had been filed in contravention of the Federal Rules of Civil Procedure and this Court's Standard Operating Procedures. In response, plaintiff filed a motion to reconsider, contending I was in error in my interpretation of the Federal Rules of Civil Procedure.

Fed. R. Civ. P. 15 sets forth the procedure for the amendment of pleadings. Rule 15(c)(1)(C) refers to an amendment that "changes the party or the naming of the party against whom a claim is asserted" and sets forth the rule as to the relation back of such amendments for the purposes of filing within the applicable statute of limitations. See Advisory Committee Notes to the 1966 Amendment to Fed. R. Civ. P. 15. The Advisory Committee Notes clearly contemplate that Rule 15(c) applies to relation back of amendments to the named party when the original complaint mistakenly named the party defendant.

Other than in the limited Rule 15(c)(1)(C) case, parties are added and dropped pursuant to Fed. R. Civ. P. 21 on motion of a party or *sua sponte*. See Age of Majority Educational Corp. v. Preller, 512 F.2d 1241, 1246 (4th Cir. 1973) ("Because parties were both dropped and added, Rule 21, F.R.Civ.P. required that leave of court be sought and obtained as a prerequisite to filing the amended complaint."), and Madery v. International Sound Technicians, Local 695, 79 F.R.D. 154, 156 (C.D. Cal. 1978) ("In this case, however, the proposed second amended complaint adds

parties not named in the first amended complaint. In such a situation, the parties must obtain approval of the proposed amendment from this Court.").

> A motion to add a party is governed by Rules 21 and 15(c), F.R.Civ.P. Rule 21 requires plaintiff to obtain leave of court when seeking to add a party. *Age of Majority Educational Corp. v. Preller*, 512 F.2d 1241 (4th Cir. 1975). However, Rule 15(c) determines whether an amendment to the complaint which adds a party will relate back to the original filing of the complaint. If the amendment does not relate back because the party to be added would clearly have a defense based on the statute of limitations, there is no reason for the Court to grant plaintiff's motion.

Holden v. R.J. Reynolds Industries, Inc., 82 F.R.D. 157, 159 (M.D. N.C. 1979).

The following discussion frames the issues relating to amendment of pleadings under Rules 15 and 21.

> Rule 21 explicitly provides that "Parties may be dropped or added by order of court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Plaintiffs contend that compliance with Rule 21, under the circumstances of this case, is not necessary; they rely upon that portion of Rule 15(a) F.R.Civ.P. which states that "(a) party may amend his pleading once as a mater of course at any time before a responsive pleading is served." Plaintiffs argue that a party may be and is dropped if he is not included in the amended pleading. Plaintiffs' contention, of course, rests upon the implicit assumption that Rule 15(a) abrogates the requirements of Rule 21, at least to the extent that the plaintiffs, rather than the Court, have control over whether parties originally named in a case are to be dropped from or added to that case up to the point, whenever that may be, that "a responsive pleading is served." Plaintiffs cite no authority to sustain their contention. Every case which has considered the precise question has ruled against plaintiffs' proposed construction of Rule 15(a) and Rule 21. *See Mitchell v. Carborundum Co.*, 7 F.R.D. 523 (W.D.N.Y., 1947); *Pacific Gas & Electric Co. v. Fibreboard Products, Inc.*, 116 F.Supp. 377 (N.D., Calif., 1953); *International Brotherhood of Teamsters, etc. v. American Federation of Labor*, 32 F.R.D. 441 (E.D., Michigan, 1963) and *Perry v. Snyder*, 33 F.R.D. 361 (E.D., Pennsylvania, 1963). All those cases presented the narrow question of adding or dropping parties by amendment of the pleadings before the service of a responsive pleading. *See also Burlington Hospital v. Charles Pfizer*, 48 F.R.D. 343 (S.D.N.Y., 1969); *Spencer v. Dixon*, 290 F.Supp. 531, 535 (W.D., La., 1968); *Aarhus Oliefabrik, A/S v. A. O. Smith Corp.*, 22 F.R.D. 33 (E.D., Wisc., 1958); *Hargrove v. Louisville & Nashville Railroad Company*, 153 F.Supp. 681 (W.D. Ky., 1957) and *Henry v. First National Bank of Clarksdale*, 50 F.R.D. 251, 260 (N.D., Mississippi, 1970), involving different procedural situations in

2

> which the courts stated the broad principle that a party may not be added
> or dropped at any stage of a pending action except by order of court under
> Rule 21. In *Henry v. First National Bank of Clarksdale, supra,* footnote 5
> at p. 260, the Court quoted Professor Moore's appropriate and succinct
> statement that "Rule 21 governs the procedure for dropping or adding
> parties, and requires an order of the court. Consequently, a party may not
> be added by amendment of the complaint as of course" 3 Moore's Federal
> Practice, § 15.07(2). Moore states the rule of decision articulated in all the
> cases cited. We have found no intimation or authority for plaintiffs'
> motion that a party may be dropped by amendment of the complaint
> without an order of Court.
>
> We recognize, of course, that the Federal Rules of Civil Procedure should
> be liberally construed and applied in accordance with their declared
> purpose. But we also recognize, as the cases cited illustrate, that the
> question of whether parties should or should not be dropped from or added
> to an action presents problems of judicial administration over which the
> Court, rather than the parties and their counsel, should maintain control at
> every stage of the action. Rule 21 so provides. Neither Rule 15(a) nor the
> Notes of the Advisory Committee intimate than an exception to Rule 21
> was intended by the provision of Rule 15(a) which permits a party to
> amend without leave of court before a responsive pleading is filed.

Gordon v. Lipoff, 320 F.Supp. 905, 922-23 (D. Mo. 1970).

Plaintiff contends in his motion for reconsideration that the majority view, including the view of District Judge Schreier, is that parties may be added by amended complaint pursuant to Rule 15 prior to the filing of a responsive pleading to the original complaint. Jongjun, et al., v. SDRC, Inc., et al., D.S.D. CIV 11-4148, Doc. 24. Judge Schreier cited in that order the Eighth Circuit opinion in Plubell v. Merck & Co., 434 F.3d 1070, 1072 (8th Cir. 2006), for the proposition that the Eighth Circuit has approved the addition of parties by way of amendment under Rule 15. The issue in Plubell was not whether parties can be added by an amended complaint filed under Rule 15 but instead whether an amendment adding parties relates back to the filing of the original complaint pursuant to Rule 15(c).[1]

---

[1] Some Circuits do allow a party to amend a complaint to add parties without leave of court under Rule 15 where no responsive pleading is filed. Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010), United States ex rel. Precision Co. v. Koch Indus., Inc., 31 F.3d 1015, 1018–19 (10th Cir. 1994); Washington v. New York City Bd. of Estimate, 709 F.2d 792, 795 (2d Cir. 1983); McLellan v. Mississippi Power & Light Co., 526 F.2d 870, 872–73 (5th Cir. 1976) (citing cases on both sides of the argument over which Rule applies, 15 or 21, when parties are added or dropped), *vacated on other grounds* 545 F.2d 919 (5th Cir. 1977).

The foregoing demonstrates why district court opinions have no precedential value, especially as to other district judges. The Federal Rules of Civil Procedure govern practice before the district courts except where the district courts, by local rule, regulate practice. Fed. R. Civ. P. 83(a). District judges may also regulate practice in cases before them so long as such regulation is consistent with the federal law. Fed. R. Civ. P. 83(b), D.S.D. LR 1.1(C). I have done so and I will continue to do so. My Standard Operating Procedures have been on file for years in the Clerk of Court's office and have been provided to every attorney appearing in my cases. My Standard Operating Procedures specifically direct attorneys seeking to add parties to file a motion pursuant to Rule 21. Counsel for plaintiff was well aware of that requirement before she filed the amended complaint adding two additional parties. I further advised her to follow that directive by memo after she failed to comply. Instead of following my directive and filing a motion to add parties and amend her complaint pursuant to Rule 21, she instead filed a motion for reconsideration, insisting that she had followed the correct procedure and that I did not know what the law is.

I practiced law for 30 years prior to taking office in 1995. During that time and during my service on the federal bench, I have never heard of an attorney claiming that she had the right to directly and knowingly violate a written directive from the presiding judge in a case based on a claim that another district judge interpreted the rules differently. I am not bound by the rulings or opinions of any other district judge. Any lawyer should know that.

The standard operating procedures are not intended to be a trap for unwary lawyers. We use the standard operating procedures to try to be helpful to counsel, many of whom are not familiar with practices in the Northern Division. Every judge runs cases and handles court procedures differently. That is the nature of being a United States District Judge.

The conduct of counsel for the plaintiff in this case is highly improper, unethical, and most disrespectful in two instances. If this conduct is repeated, sanctions will be imposed on counsel and her law firm. In addition, the conduct will be reported to the Disciplinary Board of the State Bar of South Dakota. Counsel for plaintiff is directed to circulate this opinion to the other lawyers in her law firm, so that there is no further confusion as to the obligations of counsel and so that we will not again be dealing with such unpleasant activities.

This court almost always denies motions for reconsideration. Nothing in the Federal Rules of Civil Procedure allows such a motion. The process of seeking reconsideration could be

4

transformed into an endless chain of motions, filing a motion to reconsider the denial of the motion to reconsider, *ad infinitum*. As Judge Loken observed in his opinion in <u>Wilkins v. Hartford Life and Accident Insur. Co.</u>, 299 F.3d 945, 948 (8th Cir. 2002): "Such motions (to reconsider) are frequently a futile waste of time for both the parties and the trial court."

Based upon the foregoing,

IT IS ORDERED that plaintiff's motion, Doc. 14, for reconsideration is denied.

Dated this 22nd day of November, 2013.

BY THE COURT:

/s/ Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY /s/ Barbara J. Poepke
DEPUTY
(SEAL)